## Beckett v. Commonwealth.

(Decied June 3, 1913.)

### Appeal from Lewis Circuit Court.

Bill of Exceptions—When to be Filed—Cannot Be Filed in Vacation. —A bill of exceptions must be filed during the term at which the motion for new trial is overruled, unless time is given to a day in the next term for filing it. It cannot be filed in vacation; and it cannot be filed at the next term unless an order extending the time to that term has been made.

ALLAN D. COLE for appellant.

JAMES GARNETT, Attorney General, OVERTON S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Alva Beckett was indicted in the Lewis Circuit Court under section 1201b for the offense of appropriating to his own use property in possession of a common carrier for transportation. Upon a trial of the case he was

found guilty and his punishment fixed at confinement in the penitentiary from one to five years. On March 7, 1913, his motion for new trial was overruled; to which he excepted and prayed an appeal to this court which was granted. The order concludes with these words:

"And on his motion the judgment is suspended for sixty days from this date to permit defendant to prepare and file his bill of exceptions: on his further motion it is ordered that the official stenographer, Priscilla W. Parker and the clerk of this court within sixty days prepare a complete transcript of the record for the Court of Appeals."

No further action was taken in the case at that term of the court but at the next term of the court and on May 12, 1913, he produced in court a bill of exceptions which was signed by the judge, approved and made a part of the record, the judge certifying that the bill of exceptions was not produced to him nor seen by him nor in any wise called to his attention until that day; that it was filed by the stenographer with the clerk of the court on March 21, 1913, when he was holding court in another county, from which he did not return until April 12, 1913, and that he ordered the bill made a part of the record so far as he had the right then so to do. The Commonwealth has entered a motion to strike the bill of exceptions from the files and this is the first question to be determined on the appeal.

Section 282 of the Criminal Code provides as follows:

"The exception shall be shown upon the record by a bill of exceptions prepared, settled and signed as provided by the Code of Practice in civil cases."

Section 334 of the Civil Code provides:

"Time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court."

A bill of exception may not be filed in vacation. It must be filed in court either during the term at which the motion for new trial is overruled or time must be given to prepare a bill of exceptions not beyond a day in the succeeding term to be fixed by the court. If the order of the court made on March 7th may be construed as giving sixty days from that date to prepare a bill of exceptions, this time expired before the bill of exceptions was tendered in court on May 12, and the filing of the bill in the clerk's office by the stenographer was ineffective for any purpose. The motion to strike out the bill of excep-

tions must therefore be sustained. (Adkins v. Com., 102 Ky., 100-107.)

All the matters relied on for reversal occurred on the trial and there being no bill of exceptions in the record, none of them can be considered; but we have read the record and we do not find in it any error substantially to the prejudice of the appellant.

Judgment affirmed.