## Payne's Guardian v. J. L. Nicholson & Company·

### (Decided October 2, 1913).

### Appeal from Henderson Circuit Court.

1. Appeal—Review—Condition of Record—Instructions.—Where on an appeal, the instructions given and asked are not made a part of the record, either by an order of court, or by incorporating the same in the bill of exceptions, instructions copied in the transcript by the clerk, cannot be considered.
2. Appeal—Sufficiency of Pleadings and Evidence to Support Verdict. —Held, that the pleadings are sufficient to support the verdict herein, and that the weight of the evidence is in its favor.

W. P. McCLAIN, J. W. JOHNSON for appellant.

DORSEY & DORSEY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Appellant, Union Bank & Trust Company, as guardian for Albert Payne, an infant, brought this action against appellee, J. L. Nicholson & Company, in the Henderson Circuit Court, alleging that about the first day of November, 1910, the appellee was operating and managing a coal mine in the city of Henderson, and that on or about said date, it employed the infant, Albert Payne, to clean up and attend to its office, make the fires, sweep out the same, etc., and for no other purpose; but that they did on various occasions order said infant to go up into a loft in which a lot of machinery used for the purpose of screening coal was located, and to shovel out dust and coal therefrom. That said infant on the 23d day of February, 1911, was by the superintendent of said company's mine, sent up into said loft to shovel coal from under the screen, and that in his attempt to carry out said orders, he fell and caught his left hand in the cog wheels in said machinery, and was injured, which injury necessitated the amputation of his left hand. That said Albert Payne at the time of said injury was under the age of fourteen years; that the place at which he was put to work was a dangerous place; and seeks damages in the sum of ten thousand dollars. Appellee by its answer denied all the material allegations of the petition, and especially denied at length that the boy was in its employ. Upon a trial before a jury in said court at its May term 1912, a verdict was found in favor of defendant, now appellee; and from the judgment rendered on said verdict, dismissing the petition, appellant appeals.

Appellant contends that the petition and evidence is sufficient to authorize an instruction under subsection one of section 331a, Kentucky Statutes, prohibiting the employment of a child under the age of fourteen years in, or in connection with any mine or business office; and complains of the failure of the court below to give an instruction based on said subsection.

However, neither the instructions asked for by appellant nor those given by the court are made part of the record, either by order of court, or by incorporating them in the bill of exceptions, nor are they copied in the transcript of the evidence signed by the judge of the court, and though they are copied in the transcript prepared by the clerk, they cannot be considered on this appeal.

In Forest v. Crenshaw, 81 Ky., 51, this court said:

"The clerk has copied certain instructions but whether they were the instructions given or refused we cannot know. They were not made part of the record in the court below by any order of court, nor are they identified by being in the bill of evidence. Instructions should be identified by making them part of the record by an order of court, or they should be embodied in the bill of exceptions signed by the judge. The proper mode is to include them in the bill of exceptions.

See also C. & O. Ry. Co.'s Rec. v. Smith, 101 Ky., 707; Barger v. Orton, 21 Ky. L. Rep., 1385; Tinsley v. White, 21 Ky. L. Rep., 1151; Madden v. Meehan, 151 Ky., 220.

There is, therefore, nothing for this court to consider but the pleadings, the verdict and judgment. As the verdict and judgment was for appellee and the answer denied all the material allegations of the petition, the answer is sufficient to support the verdict and judgment. The weight of the evidence shows that the boy was not in the employ of appellee at the time he was injured, but was a trespasser; and we have no doubt the jury based their verdict on the evidence in this respect.

The judgment therefore is affirmed.