## Board of Council of the City of Frankfort v. Fidelity & Casualty Company of New York.

(Decided November 30, 1920.)

### Appeal from Franklin Circuit Court.

1. Appeal and Error—Necessity of Bill of Exceptions.—Where no bill of exceptions accompanies the record this court will only determine whether the pleadings support the judgment.

2. Insurance—Guaranty and Indemnity Insurance—Bond.—Where a construction bond specifically provides that the guarantor shall not be liable for any delay occasioned by a third party failing to perform a certain part of the work before the work contemplated by the bond is to be commenced, and it is conceded that the third party wholly failed to perform the condition precedent, no cause of action accrues on the bond.

FRANK M. DAILEY for appellant.

HAMILTON & POLSGROVE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The city of Frankfort in October, 1917, passed an ordinance for the improvement of certain of its streets, and later let a contract for the reconstruction, grading and resurfacing of said streets to the Asphalt Maintenance Company. The contract was in writing and a bond for the faithful performance of the contract was required of the construction company and it executed the same with the appellee, Fidelity & Casualty Company of New York, as surety. The penalty fixed in the bond was $8,000.00. It reads as follows:

"Know all men by these presents: That we, the Asphalt Maintenance Company of Bluffton, Indiana, as principal, and the Fidelty and Casualty Company of New York, as surety, are held and firmly bound to the city of Frankfort, Franklin county, state of Kentucky, in the sum of eight thousand ($8,000.00) dollars to be paid to the city of Frankfort, or its certain attorneys, its successors and assigns, for which payment well and truly to be made we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

"The condition of this obligation is such that if the said principal, the Asphalt Maintenance Company shall well and truly keep and perform all the terms and conditions of the foregoing contract, except the last clause in

said contract, guaranteeing the work done on said street for a period of five years, for which part of the contract the surety herein is in no way obligated to perform or be responsible for, for improving a portion of Main street, beginning at the west intersection of High and Main streets, and extending from said intersection to the west line of St. Clair street; thence on St. Clair street south to the bridge, and thence on Bridge street at the south end of the bridge to the south line of Second street, in Franklin county, Kentucky, on their part to be kept and performed and shall indemnify the said city of Frankfort, as herein stipulated, then this obligation shall have no effect, otherwise it shall remain in full force and virtue.''

This action was instituted by the board of council of the city of Frankfort on the bond to recover $8,000.00 for the failure of the Asphalt Maintenance Company to perform the conditions of the contract, the construction company having wholly failed to perform the contract except it rolled some of the streets with a twelve ton roller.

Issue was joined and a trial had before the court without the intervention of a jury and a judgment entered for nominal damages, one dollar, in favor of the city of Frankfort. Being dissatisfied with this judgment and insisting that the bond sued on was for the use and benefit of the public and the amount thereof, $8,000, liquidated damage and the city entitled to recover the whole sum, it appeals.

No bill of exceptions accompanies the record and we are therefore unable to review the evidence or to determine whether the finding of fact by the lower court is correct. The state of the record allows only the inquiry whether the judgment is supported by the pleadings. We think it is.

The streets to be improved were traversed by the tracks of the Kentucky Traction and Terminal Company, which operates an electric railway. By the ordinance under which the improvement was to be made, the cost thereof was to be apportioned between the city of Frankfort and the owners of lots or parts of lots abutting on said improvements, and the Kentucky Traction and Terminal Company was to build or pay for the paving of the street between its tracks and 18 inches on the outside thereof. The street railway company elected to do its own work, as it had a right to do under the ordi-

nance. It was also required to lay its tracks of eight inch "T" rail in place of the five inch rail then in use. This would raise the grade of the street about three inches and it was necessary for the steel to be laid before the street could be graded. The contract which the city made with the construction company contains a clause which reads, "The contractor herein shall not be responsible or incur any liability by reason of delays on the part of the Kentucky Traction and Terminal Company in the removal or the reconstruction of its tracks." The bond sued on was conditioned for the faithful performance of the terms and conditions of the contract, including the provision just quoted above. No doubt the evidence convinced the trial court that it was impracticable to build the street until the street car company first put down its eight inch steel, or the city authorities interfered to prevent the construction company from proceeding with the work until the steel was laid. In either event the construction company should have been exonerated from liability on the bond, for it is admitted that the street railway company did not relay its steel nor improve that part of the street between and adjacent to its tracks as required by the ordinance, the reason being that the government war orders precluded the street car company from obtaining the necessary eight inch steel for its tracks.

The pleadings fully support the judgment and it is affirmed.

Judgment affirmed.