## Hatfield v. Norfolk and Western Railway Company, et al.

(Decided December 6, 1921.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Review—Waiver.—On appeal, a ruling of the lower court complained of, whether upon a motion or otherwise, will not be reviewed, in the absence from the record of an order or judgment showing such ruling. If the record shows that the motion was made as claimed, but fails to show that the court acted upon it. the appellate court will assume that it was waived by the parties, or that action upon it was not requested of the trial court.

2.  Master and Servant—Personal Injuries—Pleading.—Where, in an action for damages against a railroad company on account of personal injuries sustained by an employe, acting as brakeman on a freight train, the petition alleged that they were received because those in charge of the train, in making a coupling, negligently ran detached cars against the one on which the plaintiff was standing "with great force and knocked the car he was on and gave it a kick or quick jerk," which threw him off the car and caused his injuries: Held, that the petition failed to state a cause of action; consequently the ruling of the trial court in sustaining the defendant's general demurrer to same was not error.

3.  Master and Servant—Operation—Negligence.—It is well known to railroad train men, that, in operating a freight train, more or less jerking or bumping of the train is always present, because they may and generally do result from its usual movements; but in order for one assisting in operating such train to recover damages for personal injuries sustained from the knocking or bumping of the cars thereof, the fact that it was unnecessary and unusual, or caused by unnecessary or unusual force in the manner of operating the train, must be made to appear in order to establish actionable negligence on the part of those in control of it.

4.  Master and Servant—Personal Injuries—Negligence—Pleading.—When, as in this case, the petition confines the negligence complained of as causing the plaintiff's injuries to the knocking or jerking of the car on which he was placed, and does not allege that such knocking or jerking was unnecessary or unusual, or caused by unnecessary or unusual force in the manner of operating the train, it does not state a cause of action; and the plaintiff cannot rely upon any other acts of negligence of those in charge of the train not alleged.

5.  Master and Servant—Assumption of Risk.—One employed as a brakeman or switchman, and whose duty requires him to be on and about the cars, is presumed to be fully advised as to the risks incident to his employment; and, in accepting such employment, he assumes the risks ordinarily incident to the business, and if injury or death result from such ordinary risk, no recovery can be had.

R. WALTER DOTSON and J. E. CHILDERS for appellant.

JOHN R. JOHNSON, JR., and HOLT, DUNCAN & HOLT for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In this action, brought in the court below by the appellant, Dock Hatfield, against the appellees, W. D. Hines, Director General of Railroads in the United States, and the Norfolk and Western Railway Company,

the recovery of damages was sought by the former for personal injuries sustained by him, as alleged, through the negligence of the agents and servants of the latter in operating one of their freight trains.

At the appearance term of the court, the appellees entered a joint and several motion to quash the service of the summons issued on the petition and sheriff's return thereon, claiming that the process was executed upon a person who, though represented in the return to be the chief agent of the appellees residing in Pike county, was not, in fact, at the time of such service, the agent of either appellee. At the same time the appellee, Norfolk and Western Railway Company, entered a separate motion in the action to dismiss the petition as to it, upon the ground that by virtue of the provisions of what are known as "General Orders 50 and 50A," promulgated by the appellee, W. D. Hines, as Director General of Railroads in the United States, which, as alleged, were in force when appellant was injured and the action instituted, it was not a necessary or proper party to the action, and that the action, if authorized at all, could be maintained only against the Director General of Railroads by whom the appellee railroad was controlled.

On the record as here presented it will be unnecessary to consider the meaning and effect to be given the general orders referred to, or, indeed, any other question raised by either of the motions mentioned, as it does not appear from the record that any action was taken or ruling made by the trial court on either motion. In other words, the record only shows that the two motions were made, and in the absence from it of an order or orders showing that they were passed on and disposed of by the trial court, it will, on appeal, be presumed by the Court of Appeals that the motions were waived by the parties, or that action upon them by the trial court was not requested. It does appear from the record, however, that the appellees filed a general demurrer to the petition, which the trial court sustained, and to this ruling the appellant excepted. By the order setting forth the court's action on the demurrer appellant was given until a day named of the succeeding term to amend his petition, but he failed to avail himself of the right to do so, and upon the expiration of the time fixed for the filing of an amended petition, the court entered judgment dismissing the petition and awarding appellees their costs in the action expended.

Appellant excepted to the judgment and was granted an appeal, his prosecution of which brings to us for review the judgment and previous ruling on the demurrer complained of.

The general demurrer to the petition challenged, of course, the sufficiency of the facts therein alleged to state a cause of action; therefore, the single question presented for decision on this appeal is, did the trial court err in sustaining the demurrer? According to the averments of the petition, the appellant's injuries resulted from his falling from a car of a freight train operated by the appellees' servants and the passing of the wheels of the car over his legs, causing the loss of both legs and numerous wounds to other parts of his body. It is, in substance, alleged in the petition that immediately before going upon the car from which he fell the appellant was employed by appellees' agents and servants having authority to operate the train, to render service thereon as a brakeman, and was forthwith ordered by them to board the car from which he fell and "assist in breaking the said train and cars;" that he obeyed the order by taking the place assigned him, the same being a dangerous and unsafe place, which fact was known to appellees' servants operating the train, but was not known to him; that the car on which he was placed, with others attached, constituting the main part of the train, had been uncoupled from the other cars thereof, and that appellees' servants in charge of the train in attempting to couple the detached cars to the main part of the train, then standing on the track at lower grade, moved them so carelessly and negligently as to run them against the car on which appellant was placed "with great force, and knocked the car he was on and gave it a kick or quick jerk," thereby throwing him off the car and causing his injuries. In the concluding clause of the petition it is again alleged that the injuries of the appellant were caused by the " negligence, carelessness and reckless way the defendants handled and operated its said cars and engine. . . . "

While, as previously stated, it is alleged in the petition that appellant, upon his employment as a brakeman by appellees' servants, was put by them in a place of danger on the train to perform the duties required of him, and that such danger was known to them and unknown to him, it is not alleged that the place thus assigned him was not such as usually and necessarily is taken by or re-

quired of a brakeman in performing his duties on a freight train in making a coupling under such circumstances as attended the accident in which he was injured, or that in assigning him to the place of danger in question appellees' servants were guilty of negligence. Furthermore, as it is not alleged that appellant at the time of receiving his injuries was without skill or experience as a brakeman, or that the absence of such skill and experience was known to the appellees' servants, it is not perceived how their placing him on the car from which he fell could constitute actionable negligence. The only acts of the appellees' servants specifically alleged as constituting the negligence causing appellant's injuries were those attending the coupling of the detached cars with the train, on one car of which he was at the time standing, such negligence consisting, as alleged, in the moving of the detached cars by appellees' servants in a manner that made them run against the car on which appellant was standing with such force as to knock or give it a "kick or quick jerk."

The acts of the appellees' servants complained of in the petition as the proximate cause of appellant's injuries do not constitute actionable negligence. Appellant might sufficiently have stated a cause of action by alleging in the petition, in general terms, that his injuries were caused by the negligence of appellees' servants in operating the train, or the detached cars in effecting the coupling, but instead of so doing he saw fit to set forth the specific acts of defendants constituting the alleged negligence complained of, therefore, he cannot recover for other acts of negligence not alleged.

Manifestly, a knock against, kick to or quick jerk given a car by another or other cars as alleged in the petition, though of sufficient force to cause a person standing on it to fall therefrom, does not necessarily establish the fact that it was caused by negligence on the part of those operating the train. It is well known that in the operation of freight trains more or less jerking or bumping of the cars is always present, but such jerks or bumps, though often violent, may result from the usual movement of the trains; and in an action to recover damages for injuries resulting from the jerking or bumping of the cars of the train, the fact that it was unnecessary or unusual, or caused by unnecessary or unusual force in the manner of operating the train, must be made to appear in order to

establish negligence on the part of those in control of it. Such is the doctrine recognized in this jurisdiction. C. N. O. & T. P. Ry. Co. v. Goldston, 156 Ky. 410; C. & O. Ry. Co. v.Walker, 159 Ky. 237; L. & N. R. R. Co. v. Fox's Admr., 20 R. 81; Yates v. Miller. Construction Co., 28 R. 332; Graves v. L. & N. R. R. Co., 29 Ky. 725; L. & N. R. R. Co. v. Greenwell's Admr, 1255 W. 1056.

As the appellant's petition confines the negligence of the appellees' servants complained of to the knocking or jerking of the car upon which he was standing and does not allege that either such knocking or jerking was unnecessary or unusual, or caused by unnecessary or unusual force in the manner of operating the cars by those in charge of them, we are forced to conclude that it does not state a cause of action. Appellant's attitude in this case, as shown by the petition, does not differ from that of any other employe injured in the service of the employer. If at the time of accepting employment from appellees he was not an experienced brakeman, that fact is not made to appear by anything alleged in the petition; nor is it therein alleged that appellees' servants were under any duty to instruct him in his duties as a brakeman, or advise him of the dangers of the place on the train assigned him for the work required of him. The allegation of the petition as to the dangerous chracter of the place on the train assigned him for work, confessed by the demurrer, was unnecessary, as that fact was patent, even to a novice in the operation of railroad trains, without the averment. Admitting, as must be done on the demurrer, the truth of the allegations of the petition respecting the dangerous nature of the service appellant was employed to render and of the place assigned him for beginning it, it is nevertheless true, as held in C. & O. Ry. Co. v. Walker's Admr., *supra* (quoting from the syllabus), "Those who accept employment in the capacity of switchman or brakeman and whose duty requires them to be on and about the cars are fully advised as to the risks incident to their employment, and in accepting such employment they assume the risks ordinarily incident to the business, and if injury or death result from such ordinary risk no recovery can be had."

While the duties of a brakeman are inherently dangerous, as further said in the opinion of the case, *supra*, "It does not follow that the master cannot employ a servant or that the servant should not begin work, until he has learned as much as he will ever learn, in the way of taking

care of himself.   There must be some negligence on the part of the master, before he can be made liable;" and upon the facts here alleged the inference is clear that the appellant assumed the risks arising out of the danger encountered by him as a brakeman on appellees' train.

As we find no error in the action of the trial court in sustaining the demurrer, the judgment is affirmed.