## Schoffman v. Commonwealth.

(Decided April 14, 1922.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Bill of Exceptions.—Instructions as well as the evidence heard upon the trial, if not made a part of the record by order of court, must be shown by a bill of exceptions, and no

bill of exceptions can be made a part of the record unless filed in the trial court by an order of court to that effect. And unless it appears from the record that it was so filed, a purported bill of exceptions inserted in the transcript will not be considered as a part thereof, and the same practice applies in criminal prosecutions as well as in civil cases.

2.  Criminal Law—Bill of Exceptions—Sufficiency of Indictment.— In the absence of a bill of exceptions properly filed and made a part of the record, the only question to be determined on appeal is whether the pleadings are sufficient to sustain the judgment, which in a criminal case is the indictment.

LEWIS & BRYSON and WAUGH & HOWERTON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Upon his trial in the Boyd circuit court under an indictment charging him with selling spirituous and intoxicating liquors contrary to the provisions of section 2554a-1, Carroll's Kentucky Statutes, edition 1922, the appellant, Meyer Schoffman, was convicted and the jury fixed his punishment at a fine of $300.00 and imprisonment in the county jail for a period of sixty days, which was the maximum punishment for the offense. His motion for a new trial was overruled, and from the judgment pronounced upon the verdict he has appealed.

Numerous grounds in support of the motion for a new trial were set forth therein and they are insisted upon in brief of appellant's counsel, but the condition of the record prevents us from considering any of them. The instructions complained of are not made a part of the record, either by an order of court or by a bill of exceptions, nor is there any order of court filing the bill of evidence as transcribed and certified by the stenographer. What purports to be the instructions of the court are copied in the transcript by the clerk, but there is no order showing that such copies were the instructions given by the court, nor is there a bill of exceptions to that effect.

There is also filed with the transcript what purports to be the evidence heard upon the trial, but there is no order of court showing that it was ever filed. The rule of practice as stated in the case of National Council Daughters of America v. Polsgrove, 192 Ky. 495, is that "The bill of exceptions, to properly be made a part of

the record, must be filed in the trial court within the time prescribed by law, and this fact must be shown by order of court. Padget v. Mays, 2 Ky. L. R. 213; 11 Ky. Opinions, 24; Spitzelberger v. S. C. & C. St. Ry. Co., 189 Ky. 493, and Board of Council of the City of Frankfort v. Fidelity and Guaranty Co. of New York, idem 725."

It is, therefore, clear that neither the instructions nor the evidence heard upon the trial can be looked to for any purpose, and the cases referred to further hold that under such circumstances the only question presented on appeal is whether the pleadings sustain the judgment, which, in this case, is the indictment, since the same rule of practice prevails in criminal prosecutions as in civil cases. Roberson v. Commonwealth, 148 Ky. 630. There was no demurrer to the indictment, nor was its sufficiency otherwise attacked. If, however, its validity was questioned we would be compelled to overrule it for it appears to be in strict compliance with the provisions of the statute and former opinions of this court.

Nothing, therefore, remains but to affirm the judgment, which would also be true if the record was in condition to present the merits of the case, since our inspection of those portions of the record referred to, and which were erroneously incorporated therein, convinces us that the points urged for a reversal are wholly without merit.

Wherefore, the judgment is affirmed.