## Hall v. Commonwealth.

(Decided January 11, 1927.)

## Appeal from Floyd Circuit Court.

1. Homicide—Evidence Held Sufficient to Sustain Conviction for Voluntary Manslaughter.—Evidence held sufficient to sustain conviction for voluntary manslaughter, where defendant shot deceased after argument and fight.

2. Criminal Law—Bystanders' Remarks as they Left House where Defendant and Deceased were Fighting Held Properly Excluded in Prosecution for Manslaughter.—In prosecution for manslaughter, what bystanders said as they went down road leaving house where defendant and deceased were fighting held properly excluded.

3. Criminal Law—Admitting Statement of Woman Leaving House Where Defendant and Deceased were Fighting, Though Error, Held Not Prejudicial in Prosecution for Manslaughter.—In prosecution for manslaughter, where defendant killed deceased in fight, admission of evidence that woman leaving house, where fight was taking place, said defendant and deceased were trying to kill each other, though error, held not prejudicial, where she knew nothing of difficulty and did not see fight.

4. Criminal Law—Bystanders' Statements are Not Res Gestae.—Cries or statements of bystanders, in no way acting in concert with either of parties to transaction, are not res gestae.

5. Criminal Law—Conviction May be Reversed Only Where Defendant had Not had Fair Trial.—Judgment in criminal case may only be reversed where on whole record it appears that defendant has not had substantially fair trial.

6. Criminal Law—Defendant's Contention, Not Appearing in Record, Cannot be Considered on Appeal.—On appeal defendant's contention, not appearing in record, cannot be considered, since on appeal case is tried on record.

JOE P. TACKETT and JOHN CAUDILL for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Dick Hall was indicted in the Floyd circuit court for the murder of Greely Thompson. On the trial of the case he was found guilty of voluntary manslaughter and his punishment was fixed at twenty-one years in the state penitentiary. He appeals.

On Sunday morning, September 7, 1925, about eight o'clock, Dick Hall went to the house of H. L. Mullins; Mullins' wife and children were there, also Sadie Hall and Cassie Mullins. A few minutes later Greely Thompson came in. Shortly after this Cassie Mullins and Dick Hall left the house and went out in the back yard. While they were standing there talking Thompson came out, and as shown by Hall and Cassie Mullins, Thompson then without any provocation made an attack on Dick Hall. A fight ensued between them in which Hall got Thompson down. Cassie Mullins then fled; the other two women and the children joined her and the three left the house by the front door. According to the proof for the Commonwealth a few minutes later Hall came around the house to a stump and got behind the stump with his pistol in his hands and was trying to shoot Thompson, who was in the front door and dodged behind the facing of the door to keep Hall from shooting him. Hall finally left the stump and went back around the house. Thompson left the door and started around the house. He and Hall met not far from the corner of the house and Hall then knocked Thompson down with a rock and shot him. Hall testified that Thompson shot first at him. The proof is clear that both were armed with loaded pistols, but the proof for the Commonwealth tends to show that Thompson's pistol was not fired. Thompson had a large cut in the side of his face; his face was bloody; blood had run down over his clothes and there was a track of blood through the house as he walked from the rear of the house to the front door.

It is earnestly insisted that the verdict is palpably against the evidence, but the version given by Hall and Cassie Mullins as to the origin of the difficulty is so unreasonable that it is not surprising that the jury did not credit it, in view of the undisputed proof of Thompson's condition just afterwards and the action of the parties from that time on; for the commonwealth showed by witnesses, who were in view of the front of the house and near enough to hear what was said, not only that Hall was trying there to shoot Thompson when Thompson was not only making no effort to shoot him but was calling to him that he wanted no trouble. There is also proof by another witness that out at the back of the house when the trouble began Thompson said to Hall, "What is the matter with you, man, you are wrong," and Hall then

went to hitting Thompson in the head with his pistol and knocked him to his knees.

. Under all the facts the verdict of the jury is clearly not against the evidence. On the trial of the case both of the parties offered to prove what the women said as they were going down the road after leaving the house. The court properly sustained the objections to this testimony. Later he allowed a witness to say this: "The first thing I saw was three women running off of the bank and Martha Bell Mullins looking up there said, 'Run over there, Greely and Dick is trying to kill each other.' " The objection of the defendant to what Mrs. Mullins said should have been sustained as it had been to the other like testimony.

In Bradshaw v. Commonwealth, 10 Bush 576, it was held that what was said by the parties to the difficulty, or those acting with them, may be proved as *res gestae,* but that cries or statements of bystanders in no way acting in concert with either of the parties to the transaction do not constitute part of the *res gestae.* This rule was followed in Kaelin v. Commonwealth, 84 Ky. 354; L. & N. R. R. v. Sinclair, 171 Ky. 569, and many other cases, but the proof is clear that Mrs. Mullins was in the house and knew nothing of the difficulty; saw none of it, but simply ran away when the fight began. The admission of this evidence, therefore, could not have affected the result of the case. It is not every error in the trial of a case that requires a reversal of the judgment. A judgment may only be reversed when upon the whole record it appears that the defendant has not had substantially a fair trial. Clearly here the admission of this evidence in no way affected the result of the trial.

It is said in the brief for appellant that the defendant's rights were prejudiced by the court at the conclusion of the trial putting Cassie Mullins under bond and committing her to jail in default of bond, when the jury who were trying the case were between the adjournments of the court kept in the jail. But nothing of this appears in the record and the case must be tried here upon the record.

Judgment affirmed.