## Combs et al. v. Commonwealth.

(Decided February 1, 1929.)

A. H. STAMPER and J. SMITH HAYS for appellants.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Affirming.

The appellants were indicted in the Powell circuit court, charged with the crime of maliciously shooting and wounding Ed Crowe with the intent to kill him. On their trial they were found guilty of shooting in sudden heat and passion and their punishment fixed at a fine of $200 each. They seek a reversal of the judgment on two grounds, to wit: (a) Error of the court in receiving incompetent evidence against them and in rejecting competent evidence offered by them; and (b) improper argument of the commonwealth's attorney.

The commonwealth has filed a motion, supported by notice thereof to the appellants' attorney, to strike the bill of exceptions and bill of evidence from the record on the ground that it was not filed in the court below within the time required by law and was not made a part of the record by any order of court.

The judgment appealed from was rendered June 21, 1928, on the fourth day of the June term of the Powell

circuit court. On the next day, June 22, 1928, motion for a new trial was filed, which was overruled on the same day. On the eighth day of the term, June 26, 1928, a motion was made to "extend the time of executing their appeal from sixty days until the first day of the November term." This motion was overruled. There was never any motion for or any additional time given to prepare and file bill of exceptions and transcript of evidence. The clerk's record was filed in this court August 15, 1928, and with it was filed what purports to be a transcript of evidence, certified by the official reporter of the court and bearing the indorsement of approval and signature of the trial judge, made thereon August 9, 1928. There is no order of the court showing the filing of this transcript of evidence or making it a part of the record.

Section 282 of the Criminal Code provides:

"The exception shall be shown upon the record, by a bill of exceptions, prepared, settled, and signed, as provided in the Code of Practice in civil cases."

Section 334 of the Civil Code provides:

"The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court."

Section 337 of the Civil Code provides:

"During the term at which the judgment becomes final the party excepting shall, unless further time be given him, prepare his bill of exceptions. . . ."

In National Council Daughters of America v. Polsgrove, 192 Ky. 495, 233 S. W. 1052, we said:

"There is a document in the record marked 'transcript of evidence,' in which appears the examination and cross-examination of witnesses, but it was never filed in the court below, nor does it even bear the endorsement or memorandum of the circuit court clerk as having been filed in that court. It appears to have been filed for the first time in this court, after the record was lodged with the clerk. The bill of exceptions, to properly be made a part of the record, must be filed in the trial court within the time prescribed by law, and this fact must

be shown by order of court. Padget v. Mays, 2 Ky. L. R. A. 213, 11 Ky. Opinions, 24; Spitzelberger v. S. C. & C. St. Ry. Co., 189 Ky. 493 (225 S. W. 237), and Board of Council of the City of Frankfort v. Fidelity & (Casualty) Guaranty Co. of New York, Idem. (189 Ky.) 725 (225 S. W. 1076.)''

In Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007, it is said:

"The bill of exceptions, to properly be made a part of the record, must be filed in the trial court within the time prescribed by law, and this fact must be shown by order of court."

As stated above, this document, called a "transcript of evidence," was never filed in the lower court, and there is no order of the court making it a part of the record or referring to it in any way. The indorsements and approval thereon made by the trial judge are shown to have been made in vacation. We are therefore unable to consider it on this appeal. Graves Committee v. Lyons, 166 Ky. 446, 179 S. W. 413; Beckett v. Commonwealth, 154 Ky. 209, 157 S. W. 12; Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007.

While it has been held that a bill of evidence containing all that is necessary in a bill of exceptions, and which was intended as such by the lower court, will be treated as a bill of exceptions in this court if properly prepared and certified, the cases so holding presuppose a bill of evidence that had been duly filed in the lower court and made a part of the record by order of the court. Postal Telegraph-Cable Co. v. Louisville Cotton Oil Co., 136 Ky. 843, 122 S. W. 852, 125 S. W. 266; L. & A. R. Co. v. Phillips, Adm'r, 148 Ky. 49, 145 S. W. 1105. The so-called bill of exceptions here was neither so prepared, certified, nor filed.

There is, therefore, nothing left for our consideration except the sufficiency of the indictment. Brewer v. Commonwealth, 188 Ky. 76, 221 S. W. 224, and cases supra.

Appellants do not complain that it is defective. We have examined it and find it without fault.

The judgment is affirmed.