## Conway v. Commonwealth.

(Decided Dec. 17, 1935.)

V. R. LOGAN for appellant.

BAILEY P. WOOTTON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Alberta Conway, Myrtle Conway, Gus Coats, and Garland Coats were jointly indicted by the grand jury of Edmonson county for the crime of willful murder,

charged to have been committed by killing Willie Conway by cutting and stabbing him with a knife and striking and wounding him with clubs and other blunt instruments. On a separate trial, Alberta Conway was convicted and sentenced to the state reformatory for fourteen years.

The court impaneled a jury of thirteen as authorized by an amendment to section 191, Criminal Code of Practice (Acts 1932, c. 60, Baldwin's Supp. 1933).

Section 282, Criminal Code of Practice, provides that the exceptions of a defendant shall be shown upon record by a bill of exceptions, prepared, settled, and signed as provided in the Code of Practice of civil cases. The Civil Code of Practice, section 333, defines "exceptions" thus:

> "An exception is an objection taken to a decision of the court upon a matter of law. A party may, without a previous objection, except to a decision against him, unless it be made at the instance of the adverse party."

Section 334 provides:

> "The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court."

No particular form of exception, or bill of exceptions, is required. Section 335 Civil Code.

Section 1016, Kentucky Statutes, provides that "bills of exceptions must be prepared and presented to the judge within sixty days after the making of the order excepted to; but exceptions taken during the trial need not be noted of record nor reduced to writing, unless by order of the court, until after the trial; within sixty days after the judgment becomes final, the party excepting shall, unless further time be given him, prepare his bill of exceptions, but further time may be given to prepare a bill, but not beyond one hundred and twenty days after the judgment becomes final."

Where the evidence in a criminal prosecution is taken by the official stenographer, when attested by the judge before whom the trial was had, it may be brought to this court without being copied. See section 4644, Kentucky Statutes.

The rule is that where these statutory and code provisions are not complied with in respect to the bill of exceptions and the bill of evidence, on an appeal to this court, our jurisdiction is limited to determine the sufficiency of the indictment. Chaplin v. Commonwealth, 142 Ky. 782, 135 S. W. 298; Leadingham v. Commonwealth, 180 Ky. 38, 201 S. W. 500; Schoffman v. Commonwealth, 195 Ky. 633, 243 S. W. 292; Hall v. Commonwealth, 217 Ky. 518, 289 S. W. 1102; Patrick v. Commonwealth, 213 Ky. 509, 281 S. W. 498; Mann v. Commonwealth, 226 Ky. 296, 10 S. W. (2d) 1094; Combs v. Commonwealth, 227 Ky. 631, 13 S. W. (2d) 788; Spencer v. Commonwealth, 250 Ky. 370, 63 S. W. (2d) 288.

No bill of exceptions nor bill of evidence was filed in the circuit court by an order of the court, or at all, in the pending case. That which purports to be the bill of evidence now presented to us is not authenticated by either an order of the court or the signature of the presiding judge. Therefore, adhering to the accepted rule of practice, our right to review the case is limited to the indictment. Its examination discloses that it contains a statement of facts constituting the crime charged, in the manner and form prescribed by sections 122, 123, and 124, Criminal Code of Practice. It is only where the indictment fails to state facts sufficient to charge a public offense within the jurisdiction of the court that we are permitted to reverse because of the insufficiency of the indictment. Pierce v. Commonwealth, 210 Ky. 465, 276 S. W. 135; Johnson v. Commonwealth, 240 Ky. 337, 42 S. W. (2d) 341; Hopper v. Commonwealth, 250 Ky. 405, 63 S. W. (2d) 467; Maggard v. Commonwealth, 257 Ky. 414, 78 S. W. (2d) 315.

Entertaining the views expressed, we are constrained, without reviewing the evidence, to affirm the judgment.

It is affirmed.