# Fields v. Commonwealth.

June 3, 1941.

John H. Asher for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Pearl Fields appeals from a judgment of conviction of voluntary manslaughter imposing a penalty of twenty-one years' imprisonment. He submits that the verdict is flagrantly against the evidence.

The facts are brief. The defendant was a tenant of Elbert Dixon on Coon Branch of Cutshin Creek in Leslie County. About two weeks before the homicide, in January, 1940, Dixon's wife raised some trouble over appellant's cow getting into their corn. She testified that on the day of the killing the cow had been in the corn again and when Fields and his wife came down the creek, passing the Dixon home, Mrs. Dixon told her husband to go and see Fields about the matter, but he was reading his Bible and told his wife to do so. When she came up to Fields, 100 yards or so away from the house, and told him that he had let his cow eat up their corn, Fields hit her with a rock and cursed her. She called her husband and he came to her

assistance and Fields started cutting both of them with a knife. He cut Dixon's throat and inflicted several wounds on his wife. The witness is substantially corroborated by her daughter, although she admitted having made some statements indicating that her mother had brought on the difficulty and that her father had told her not to go out to see Fields. On the other side, the defendant testified that as he and his wife were walking along the road going home, some distance from Dixon's house, Mrs. Dixon came up and tried to stop him. She vigorously cursed him. He told her to go back as he did not want to have any trouble. Then Dixon came running up and with an oath threatened to kill him and knocked him down with a rock. Both Dixon and his wife jumped upon him, all the while beating him with rocks. Finally, when he couldn't get up he got out his knife and started cutting them in order to get them off of him and save his life. The defendant proved that he had a good reputation for peace and order and general moral character.

The jury accepted the testimony introduced by the commonwealth tending to prove the defendant's guilt and we think it fully sustains the verdict.

The defendant's motion and grounds for a new trial contained charges of improper argument by the Commonwealth's Attorney. While that instrument is copied in full in the bill of exceptions, the effect is only to have the bill show that the same was filed. The court does not certify that the statements were made, and regardless of the question of merit the point is not before us for our consideration.

Instructions on voluntary manslaughter merely submit the issue of guilt upon the belief by the jury that the defendant cut and killed the deceased not in his necessary or apparently necessary self-defense and in sudden affray or sudden heat and passion under provocation ordinarily calculated to excite the passions beyond control. It does not provide that the act must have been unlawfully or wilfully or intentionally or feloniously committed. We have held many times that it is not necessary to use the word "feloniously" in an instruction, and where the defendant admitted having killed the deceased in self-defense and there was no basis for a theory of defense incompatible with an intentional killing, such as accident or insanity, it is not

prejudicial error to omit from the instructions the element of intention or wilfulness. Sims v. Commonwealth, 106 S. W. 214, 32 Ky. Law Rep. 443; Rains v. Commonwealth, 226 Ky. 173, 10 S. W. (2d) 643. Under the circumstances here it is clear that the omission of the word "unlawful" from the instruction was not harmful.

The judgment is affirmed.