## Rush v. Commonwealth.

Feb. 25, 1944.

Roy G. Garrison for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Appellant was convicted of voluntary manslaughter and sentenced to seventeen years confinement in the penitentiary. The homicide, according to the great preponderance of the evidence, was a most brutal one; but, because appellant testified that he used only his fists and had no intention of killing, and no witness testified that he saw him use a weapon, he insists that the trial court erred in failing to instruct on involuntary manslaughter. However, since the nature of the wounds inflicted upon his victim indicated that they could not have been inflicted without the employment of metal "knucks" or a bludgeon, we would not reverse the judgment solely because of the error claimed. Maulding v. Commonwealth, 172 Ky. 370, 189 S. W. 251. But as the judgment must be reversed for another reason, we think it would be better practice to give the involuntary manslaughter instruction if the evidence is substantially the same on the ensuing trial. Bailey v. Commonwealth, 288 Ky. 613, 157 S. W. (2d) 100; Boggs v. Commonwealth, 285 Ky. 558, 148 S. W. (2d) 703.

The error which requires reversal is the omission from the instruction on voluntary manslaughter of any requirement that in order to be guilty thereof, the accused must have inflicted the injuries with intent to kill, or under such circumstances that a fatality might reasonably have been expected to result. Under the instructions as given, the appellant might have been convicted of voluntary manslaughter though, in fact, guilty of no more than involuntary manslaughter. Smith v. Commonwealth, 228 Ky. 710, 15 S. W. (2d) 458. See also Form 876, Stanley's Instructions to Juries.

Moreover, the court should have omitted from the instruction on murder the requirement that in order to convict appellant of that offense, the jury must have believed that he inflicted the fatal injuries "with some form of blunt instrument," since, if the elements of murder were present, it was wholly immaterial whether weapons other than fists and feet were employed in its accomplishment. The correction could have been made

by substituting the disjunctive "or" for the conjunctive "and" immediately preceding the quoted phrase.

Judgment reversed.