# Bowick v. Commonwealth.

Jan. 16, 1945.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Walter C. Bowick shot and killed Douglas Ray in the Kentucky Hotel in Louisville, Kentucky, on December 7, 1943. An indictment was returned charging him with murder, and on his trial he was convicted of the crime of manslaughter and his punishment fixed at imprisonment for a term of two years. He has appealed. The Commonwealth has moved to strike the bill of evidence on the ground that the record fails to show any bill of exceptions. The motion has been passed to the merits.

The record shows that the trial was concluded on June 23, 1944, and appellant's motion and grounds for a new trial was overruled on June 30, 1944. On August 15, 1944, the following order was entered: "On motion of the defendant by counsel it is ordered by the court that the defendant be and is allowed 60 days to file his bill of exceptions herein." No bill of exceptions was ever filed in the Jefferson circuit court, but on October 26, 1944, the clerk's transcript of the record and what purports to be a transcript of the evidence were filed in this court. The certificate attached to the transcript of the evidence was signed by the official reporter on October 18, 1944. This was after the expiration of the time granted for the filing of the bill of exceptions. On December 11, 1944, appellant filed in this court a paper

signed by his attorney styled "Bill of Exceptions." In an affidavit accompanying this paper it is admitted that a bill of exceptions was never filed in the trial court. KRS 451.150 provides that in courts having continuous session, "unless further time is given, a bill of exceptions shall be prepared and presented to the judge within sixty days after the making of the order excepted to, or within sixty days after the judgment excepted to becomes final * * *. Further time may be given to prepare a bill of exceptions, but not beyond one hundred and twenty days after the judgment becomes final."

The bill of exceptions must be filed in the trial court within the time allowed by law and the orders of the court must show it was filed, otherwise it cannot be considered on appeal. Nicholas v. Hook, 289 Ky. 406, 158 S. W. 2d 971; Hughes v. Commonwealth, 228 Ky. 730, 15 S. W. 2d 421; Combs v. Commonwealth, 227 Ky. 631, 13 S. W. 2d 788; Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007; Schoffman v. Commonwealth, 195 Ky. 633, 243 S. W. 292. The motion to strike the bill of exceptions is sustained.

With the evidence eliminated, the only question presented is whether the indictment sustains the judgment. The sufficiency of the indictment is not questioned. The sole ground urged in appellant's brief for reversal of the judgment is alleged error of the trial judge in refusing to direct a verdict of acquittal. Assuming that the evidence was as stated in the brief, it was sufficient to take the case to the jury and to sustain its verdict.

Judgment is affirmed.