## Quisenberry v. Commonwealth.

Feb. 13, 1945.

392

Richard R. Bryan for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On the night of November 11, 1941, several persons congregated at the home of Willie Rhodes in Paducah, Kentucky, and during an altercation which arose between Pete Quisenberry and Frank Doyle the latter was struck on the head with a club and killed. All of the persons present were negroes. An indictment was returned charging Pete Quisenberry with the crime of wilful murder, and on his trial he was convicted of voluntary manslaughter and his punishment fixed at imprisonment for a term of 21 years. The trial was held on October 9, 1944, and the defendant's motion for a new trial was overruled on October 13, 1944. He was granted an appeal to the Court of Appeals on condition that he file a transcript of the record, including a transcript of evidence and bill of exceptions, in the Court of Appeals within sixty days from the date of the judgment. On December 8, 1944, the defendant moved the court to permit him to appeal the case in forma pauperis. His motion was sustained, and the clerk of the McCracken circuit court was directed to prepare a transcript of the record and the reporter who took down the evidence at the trial was directed to prepare his transcript of evidence and bill of exceptions free of charge. This was the last order entered in the lower court. On December 12, 1944, the clerk's transcript of the record and what purports to be a transcript of the evidence was filed in this court. The Commonwealth has moved to strike the transcript of evidence and to submit the case on the sufficiency of the indictment.

The motion to strike the transcript of evidence must be sustained, since there is no bill of exceptions and no order of court filing the transcript of the evidence. It has been held in an unbroken line of decisions that unless there be an order of court showing the filing of the bill of exceptions in the trial court, none of the matters

necessary to be incorporated therein may be considered by this court on appeal. Spencer v. Commonwealth, 250 Ky. 370, 63 S. W. 2d 288; Bowick v. Commonwealth, 299 Ky. 438, 185 S. W. 2d 414, and cases therein cited.

In his brief appellant relies chiefly on alleged errors in the instructions for reversal of the judgment, but on behalf of the Commonwealth it is argued that the instructions cannot be considered since they are not incorporated in a bill of exceptions. The instructions, ten in number, were filed and made a part of the record by an order of court, and are copied in the transcript of the record prepared and certified by the circuit clerk. Section 341 of the Criminal Code of Practice provides that a judgment shall not be reversed for an error of the court in instructing or refusing to instruct the jury unless the bill of exceptions contains all the instructions given by the court to the jury, and section 337 of the Civil Code of Practice provides that if a party except to a decision of the court granting or refusing any instruction, all the instructions given and refused shall be included in the bill of exceptions. These sections of the Code do not provide an exclusive method of authenticating instructions in order to render objections to them available on appeal. We have held in numerous opinions that it is sufficient if they are identified by an order of court. Swango v. Commonwealth, 276 Ky. 467, 124 S. W. 2d 768; Colley v. Commonwealth, 232 Ky. 590, 24 S. W. 2d 280; Tull v. Commonwealth, 187 Ky. 413, 219 S. W. 409; Payne's Guardian v. J. L. Nicholson & Co., 155 Ky. 94, 159 S. W. 672. In Wadkins v. Commonwealth, 239 Ky. 362, 39 S. W. 2d 466, 467, three ways were pointed out by which instructions may be authenticated so as to enable this court to review them on appeal: "(a) By incorporating the instructions in a bill of exceptions duly signed by the presiding judge; (b) by an order of court making them a part of the record; and (c) by agreement and consent of parties litigant that the identical instructions brought to this court were the ones offered and given at the trial and may be considered on appeal."

In Bruner v. Commonwealth, 225 Ky. 713, 9 S. W. 2d 1080, 1081, it was said: "A bill of exceptions in a criminal case is governed by the provisions of the Code relating to bills of exceptions in civil cases. It is provided by the provisions of section 336, Civil Code, that if the decisions objected to be entered on the record and

the grounds of objection appear in the entry, the exception may be taken by the party by causing it to be noted at the end of the decision that he excepted. If the exceptions appear on the record, it is not necessary to again set them out in the bill of exceptions. The purpose of a bill of exceptions is to bring to the attention of the court things which happened during the course of the trial and which do not appear of record, and the bill must show what happened and what objections were made. This is what is required by the provisions of section 337 of the Civil Code.''

As said in Crouch v. Commonwealth, 238 Ky. 5, 36 S. W. 2d 653, 655: ''The office and purpose of a bill of exceptions is to bring into the record for review on appeal matters which would otherwise not appear in it.''

The instructions in the record before us are properly authenticated. Ordinarily it is necessary to consider instructions in the light of the evidence in order to determine whether or not they are prejudicially erroneous, but an instruction may be so erroneous on its face as to indicate its prejudicial effect regardless of what the evidence may have been.

In the present case appellant complains of instruction No. 2 on voluntary manslaughter, and instruction No. 10 which qualified the instruction on self-defense. It is the contention of the Commonwealth that he cannot avail himself of the alleged errors in the instructions given by the court because they are not made grounds for a new trial. It is well settled that errors in the instructions will not be considered on appeal unless they are mentioned in the motion and grounds for a new trial. Sections 271, 274, and 280 of the Criminal Code of Practice; St. Clair v. Commonwealth, 245 Ky. 730, 54 S. W. 2d 1; Jones v. Commonwealth, 238 Ky. 453, 38 S. W. 2d 251; Meek v. Commonwealth, 214 Ky. 572, 283 S. W. 1032; Cheek v. Commonwealth, 162 Ky. 56, 171 S. W. 998; Thompson v. Commonwealth, 122 Ky. 501, 91 S. W. 701, 28 Ky. Law Rep. 1137. Section 271 of the Criminal Code of Practice provides that ''the court in which a trial is had upon an issue of fact may grant a new trial, if a verdict be rendered against the defendant by which his substantial rights have been prejudiced, upon his motion * * * 4. If the court have misinstructed or refused properly to instruct the jury.'' In the motion and grounds for a new trial filed by appellant, the fifth paragraph reads:

"Because the court failed to instruct and give the jury all the law in the case." It is argued in behalf of the Commonwealth that in this ground the appellant merely complains because additional instructions were not given and not because of errors in instructions that were given, and therefore the errors, if any, in instructions 2 and 10 cannot be considered. The motion for a new trial is not aptly drawn, but we think it would be highly technical to hold that ground 5 is insufficient to raise the question of errors in the instructions. The defendant in a criminal case is not required to point out specifically the errors complained of, but is only required to state generally that the instructions are erroneous. It is not necessary, as in civil cases, to object and except to the instructions given by the court or to offer instructions on issues not presented by the court's instructions, since it is the duty of the court in a criminal case not only to give correct instructions but to give to the jury the whole law of the case whether requested to do so or not. Thompson v. Commonwealth, supra. In the present case the appellant did object and except to the instructions when they were given, and requested additional instructions. We think that ground 5 in appellant's motion for a new trial was sufficient to raise the question of errors in the instructions. Instruction No. 1 was the usual instruction on wilful murder. Instruction No. 2 on voluntary manslaughter failed to provide that the act must have been wilfully or intentionally committed. Where an instruction on insanity, accidental killing or involuntary manslaughter is authorized by the evidence, it is prejudicially erroneous to omit from the instruction on voluntary manslaughter the element of intention or wilfulness, otherwise the instruction on the defendant's theory of the case is nullified. Rush v. Commonwealth, 296 Ky. 724, 178 S. W. 2d 408; Centers v. Commonwealth, 254 Ky. 733, 72 S. W. 2d 423; Bradley v. Commonwealth, 201 Ky. 413, 257 S. W. 11. However, where the only theory of defense supported by the evidence is one of self-defense, it is not error to omit the element of intention from the instruction on voluntary manslaughter although it is better practice always to include it. As said in Fields v. Commonwealth, 287 Ky. 27, 152 S. W. 2d 281, 282: "It (the instruction on voluntary manslaughter) does not provide that the act must have been unlawfully or wilfully or intentionally or feloniously committed. We have held many times that it is not necessary to use the word

'feloniously' in an instruction, and where the defendant admitted having killed the deceased in self-defense and there was no basis for a theory of defense incompatible with an intentional killing, such as accident or insanity, it is not prejudicial error to omit from the instructions the element of intention or wilfulness.''

The appellant did not defend on the ground of insanity or accidental killing, and, as hereafter pointed out, an instruction on involuntary manslaughter was not authorized. It follows that instruction No. 2 was not prejudicially erroneous.

Appellant argues that there was not sufficient evidence to warrant instruction No. 10, which qualified the instruction on self-defense. In the absence of the evidence, we cannot say that the instruction was not authorized, but it is said in appellant's brief that one witness testified that appellant started the difficulty by striking at the deceased. This was sufficient evidence on which to base the instruction.

In appellant's brief it is argued that the court erred in failing to give an instruction on involuntary manslaughter. In the absence of the evidence, it must be assumed that such an instruction was unauthorized. Stonefield v. Commonwealth, 282 Ky. 692, 139 S. W. 2d 752. However, it is conceded in brief that there was evidence that appellant struck the deceased with a heavy club. Under such state of facts, failure to give an instruction on involuntary manslaughter was not error. Titsworth v. Commonwealth, 298 Ky. 814, 184 S. W. 2d 228; Hunt v. Commonwealth, 289 Ky. 527, 159 S. W. 2d 23; Maulding v. Commonwealth, 172 Ky. 370, 189 S. W. 251.

The sufficiency of the indictment is not questioned.

Judgment affirmed.