## Commonwealth v. Little.

(Decided November 11, 1910.)

### Appeal from Breathitt Circuit Court.

Criminal Law—Prosecution for Murder—Acquitted on Peremptory Instructions—Effect of Verdict.—On the trial of defendant indicted for murder by shooting Harlan McIntosh with a pistol, at the conclusion of the evidence the jury on the motion of defendant were instructed by the trial court to find the defendant not guilty. On appeal, it was shown that deceased was shot five times, had two holes in his back, two in front, and one in his head. Appellee claimed that shooting was done in his self-defense. The evidence of witnesses who heard the shooting was, that there were only five shots fired. Held, that the lower court erred in giving the peremptory instruction, but this does not affect the accused, as the verdict of acquittal operated to free him from the accusation and to prevent a subsequent prosecution for the offense.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE NUNN.

Appellee was indicted by a grand jury in Breathitt county charged with the murder of Harlan McIntosh by shooting him with a pistol. After the Commonwealth introduced its testimony, the court, upon the motion of appellee, gave the jury a peremptory instruction in his behalf, which was complied with by the jury, and the Commonwealth has appealed to have the law of the case certified.

The only question presented is whether or not the lower court erred in sustaining appellee's motion for the peremptory instruction, and this depends upon the fact as to whether or not there was any evidence introduced showing appellee's guilt. We have examined the evidence with care, and find it is to the effect that appellee killed Harlan McIntosh on Turkey Creek in Breathitt county, in May, 1909, by shooting him with a pistol; that the killing occurred about one hundred yards from the home of Luther Little about three or four o'clock in the afternoon. The Commonwealth introduced the wife of Luther Little and she testified, in substance, that appellee and Harlan McIntosh came to their house about three

o'clock in the afternoon, remained a few minutes and then went down the branch along a path or road; that when they reached a point about one hundred yards from the house they stopped and talked for ten or fifteen minutes; that she could not hear any words pass between them, but that Harlan McIntosh drew his pistol and jabbed it against appellee's breast; that appellee knocked McIntosh's hand up and the pistol fired; that appellee then pulled his pistol and fired several shots at McIntosh who fell; that there were six or seven shots in all fired; that she walked down the branch with appellee. The witness stated that her husband was gone and she did not know where he was. She was not questioned further. One Terry. who lived about one-half a mile down the branch from Luther Little, was introduced, and he said that a short time after the shooting appellee arrived at his house; that he saw, from the appearance of appellee, there was something wrong and asked him what was the matter and appellee answered that he had shot Harlan McIntosh five time and commenced crying; that his (witness') wife asked him "have you?" and he answered "yes. I had it to do," and continued to cry; that appellee asked him to go up to where McIntosh was and see about him. The Commonwealth proved by this witness, the coroner and two or three persons who served upon the jury at the inquest, that McIntosh had two holes in his back, two in front and one in his head. They all gave it as their opinion that the shots which made the holes in his back also made them in his breast, that they entered his back and came out in front, as the holes in his back were smaller than those in his breast. They also gave it as their opinion that McIntosh's coat was powder burnt. Several witnesses stated that there were five shots fired. If this be true, and appellee fired five shots it tends to prove that McIntosh did not fire at all and contradicts the testimony of Luther Little's wife. And the fact that the balls entered McIntosh's back tends to show that when appellee shot him he was in no immediate danger of losing his life or suffering great bodily harm at the hands of McIntosh.

The facts and circumstances connected with the killing were imperfectly adduced and leave the matter clouded with mystery. They do not, however, show a clear case of self-defense.

In the case of Commonwealth v. Murphy, 109 S. W. 353, this court said:

"The trial judge has the same right and authority to give a peremptory instruction in a criminal proceeding that he has in a civil action. And if the evidence introduced in behalf of the Commonwealth fails to incriminate the defendant, or is wholly insufficient to show that he is guilty of the offense charged, it is not only the right but the duty of the trial judge to instruct the jury to return a verdict of not guilty. It is not, however, within the province of the trial court to take from the jury a criminal prosecution if there is any evidence, however slight it may be, conducing to show that the defendant is guilty of the offense charged, or any of its degrees mentioned in the Code."

Under this authority and the cases therein cited, the lower court erred in giving the peremptory instruction. This, however, does not affect the accused, as the verdict of acquittal under the instructions of the court, operated to free him from the accusation and to prevent a subsequent prosecution for the offense.

This opinion is ordered certified to the lower court as the law of the case.