## Gardner, etc. v. Alexander, etc.

(Decided September 23, 1914.)

Appeal from Magoffin Circuit Court.

1. Appeal—Instructions—When Not Reviewable.—Where on appeal instructions complained of are not identified as having been given by the trial court or properly made a part of the bill of exceptions,

they will not be reviewed by the Court of Appeals; and in such state of case the only question to be determined by the Court of Appeals is, whether the pleadings are sufficient to support the verdict.

2.  Appeal—Clerical Error—Effect of on Appeal.—Where in an action against the principal and his sureties in a bond, the former obtains a verdict over against the plaintiffs on a counter-claim, the fact that the sureties in the bond are by the judgment erroneously made parties to the recovery does not affect the validity of the judgment.  Such error being but a clerical misprision, may be corrected in the court below.

3.  Appeal—Incorrect Copying of Record—When Condemnation is authorized.—When the record on an appeal is so incorrectly copied by the clerk of the circuit court as to manifest a total disregard of the requirements of section 2, rule 5, of the Court of Appeals, it will be condemned by that court, which may deprive such clerk of all or a part of his fees for such copying.

McGUIRE & McGUIRE for appellants.

D. D. SUBLETT and G. GLENN SUBLETT for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Because of the voluminous pleadings in this case, numerous demurrers thereto and motions to strike therefrom, the inaccurate methods employed by the clerk of the circuit court in copying the record, and the confused statements of law and fact attempted to be presented by the bill of exceptions, we have had great difficulty in determining what issues were tried and disposed of in that court.  We gather from the record, however, that the action was brought by the appellants, upon a bond executed by the appellees, William Alexander and his sureties, to indemnify the former for such damages as they might sustain by reason of Alexander's continued occupancy of and waste committed on a certain tract of land, after the termination of a timber contract under which he entered upon same, until such reasonable time as he would require to remove therefrom certain logs, cross-ties and staves which he had cut and manufactured upon the land by virtue of and during the existence of the contract; it being, in substance, alleged in the petition that after the termination of the contract he wrongfully remained in possession of the land for a longer time than was reasonably necessary to remove therefrom the logs, cross-ties and staves which he had cut during the existence of the contract, and did, after the termination of the contract, wrongfully cut timber

from the land and otherwise commit waste thereon, to appellants' damage in the sum of one thousand dollars, for which and the cost of the action judgment was prayed.

Appellees, by their answer and counter-claim, and the several amendments thereto, traversed the averments of the petition, alleged that they had been damagd by the wrongful acts of the appellants in taking and converting to their own use certain of the logs, ties and staves which they had rightfully cut and manufactured upon the land in question, under the written contract above referred to and during its existence, which they had the right to remove within a reasonable time after the expiration of the contract, and would have removed within such time, but for the wrongful taking and conversion thereof by appellants.

On the trial in the court below the jury returned a verdict in behalf of appellees for $350.00 damages, having found them entitled to this amount on their counter-claim after allowing to appellants such damages as they, from the evidence, believed them entitled to recover upon the items of damage claimed in their petition. Judgment was entered in conformity to this verdict, and the appellants' dissatisfaction therewith and the refusal of the circuit court to grant them a new trial resulted in this appeal.

The grounds mainly urged by appellants for a reversal are that the instructions given by the trial court did not correctly present the law of the case to the jury; and that the jury should have been peremptorily instructed to find for appellants. Neither of these contentions can be sustained, nor can the questions raised thereby be considered for the following reasons: First, the instructions are not identified by or made a part of the bill of exceptions. This is true not only of the instructions that are said to have been given by the court, but also as to those said to have been offered by appellees and refused by the court. Second, moreover, the bill of exceptions fails to show that the instructions given by the court were objected to by appellants. In addition, it does not appear from the bill of exceptions that appellants asked for a peremptory instruction, that such an instruction was refused by the court, or that the refusal of the court to give it was excepted to by appellants. In view of these facts the instructions cannot be reviewed by us; nor are we at liberty to review the

action of the court in refusing a peremptory instruction in behalf of appellants. This being true it only remains to determine as to the sufficiency of the pleadings to support the verdict. Thomas v. Stickler, 29 R., 531; Harms v. Sheppard, 30 R., 404; Kountze v. Hatfield, 30 R., 589; Gray v. Parrott & Jones, 30 R., 777; Stone v. Lamb, 118 S. W., 942.

In our opinion the pleadings support the verdict and there was also evidence to support it. The fact that the judgment as entered upon the verdict makes the appellees, Sublett and Patrick, sureties of the appellee Alexander in the bond sued on, parties to the recovery, does not, as claimed by appellants, affect its validity or give cause for its reversal. Judgment for the damages allowed on the counter-claim should have been for the appellee Alexander alone, and, as to the costs, for all the appellees jointly, but appellants are not prejudiced by the fact that the sureties in the bond are by the judgment made beneficiaries of the damages recovered on the counterclaim. At most, the error in the judgment complained of is only a clerical misprision, which might have been corrected in the court below. The copying of the record by the clerk of the circuit court is so incorrectly done and manifests such a disregard of the requirements of Section 2 of rule 5 of this court, that the record is condemned, and the clerk allowed but half of the fee to which he would have been entitled for copying the same had it been properly done.

Judgment affirmed.