## Cotton States Life Insurance Company v. Spencer.

(Decided June 14, 1927.)

### Appeal from Warren Circuit Court.

1. Appeal and Error.—Where instructions are not contained in bill of exceptions or made part of record in any way, they cannot be considered on appeal, although copied by the clerk in the record.

2. Insurance.—In action on accident insurance policy, evidence that insured, 16 years old, before breakfast left house with shotgun in his hand, and a few minutes later was found a short distance away with the back of his head shot off, held sufficient to go to jury on question of suicide.

3. Insurance.—In action on accident insurance policy, proof of fall previously sustained by insured, from which he had recovered, and of small industrial policy of insured, held insufficient to establish material false answers to questions in application for policy sued on.

4. Appeal and Error.—In action on accident insurance policy, where jury found for plaintiff, failure of court, if any, to submit defendant's counterclaim for return of payment previously made less amount of premium, held not prejudicial.

DENHARDT & HUNTSMAN and HAROLD D. KNIGHT for appellant.

SIMS & HERDMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On December 30, 1924, the Cotton States Life Insurance company issued to Erna Spencer a policy insuring the life of her son Nathan Charlie Coats for one year in the sum of $1,000. The son died November 12, 1925. The company paid her $200 on the loss and then denied liability on the policy. She brought this suit against it to re-

cover the remainder, $800.   The defendant, by its answer, pleaded that it was provided in the policy that, if within two years from its date, the insured died by suicide, whether sane or insane, the company should not be liable for anything exceeding the amount of the premium paid, and it alleged that the insured died by suicide.   It further alleged that certain answers in the application were untrue, and made to deceive the company, and that but for these untrue answers the policy would not have been issued.   It made its answer a counterclaim, and prayed judgment thereon for the $200 it had paid on the policy, less the amount of the premium.   On a trial of the case, there was a verdict and judgment for the plaintiff.   The defendant appeals.

The instructions of the court to the jury are not contained in the bill of exceptions or made part of the record in any way.   They cannot therefore be considered on the appeal, although copied by the clerk in the record.   Nave v. Riley, 146 Ky. 276, 142 S. W. 388; Gardner v. Alexander, 159 Ky. 713, 169 S. W. 466.   There is no objection or exception to the instructions in the record, and in the motion for new trial the only matter complained of as to the instructions is the refusal of the court to give a peremptory instruction for the defendant and its failure to give an instruction on the defendant's counterclaim.

The pleadings support the judgment.   The proof showed that, on the morning of November 12, the insured, who was about 16 years old, before breakfast went out of the house with a shotgun in his hand.   A few minutes later a report was heard, and he was found a short distance from the house lying on his face with the back of his head shot off.   The defendant proved facts tending to show that he intentionally shot himself.   On the other hand, the plaintiff showed facts tending to show that the shooting was accidental and due to his slipping and falling with the gun in his hand.   The gun was before the jury, and three witnesses testify that it would have been impossible for him to have shot himself as he was shot without some rigging to pull the trigger, and nothing of this sort was there.   The plaintiff also showed that he was in good spirits and without any cause for taking his own life, and she proved facts tending to show that he was going out toward the field to shoot a bird.   On these facts the question of suicide was clearly for the jury.   The weight of the evidence showed that the shooting was accidental.

In February, 1925, the boy fell off a fence, spraining his back painfully. He was in bed a week or ten days, and after this was very sore for some weeks, unable to do any work. He held an accident policy, and was paid $3 a week for seven weeks. The assistant manager of the company, who took the application and wrote the answers, knew of this trouble. The mother says that they told him the facts, and he wrote the answer, stating that the boy had received a fall and was in bed one week. He had been well for eight months when the insurance was taken, and, if the mother's statements are true, there was no substantial concealment here of any facts which, if known, could reasonably have influenced an insurance company in passing on the application. The boy had a small life insurance policy in the defendant company; the agent taking the application knew this, as he admits. He also knew that he had the accident policy, but, it is insisted that the boy had also another small industrial policy insuring his life in the sum of $65, and that this was not explained to the agent. But plainly, if he had been told about this little policy, it would not have affected the application, in view of the other two policies which he knew about. At least this would have been a question for the jury under the well-settled rule in this court, which was thus expressed in Provident Savings Life Assur. Co. v. Whayne's Adm'r, 131 Ky. 95, 93 S. W. 1052, 29 Ky. Law Rep. 160:

> "We think the question is generally one for the jury. It is not a case of the construction of a writing, as to what a written instrument means, but it is the ascertainment of a fact, upon the existence of which the writing is avoided. In defense of liability on the writing, it is alleged that a certain statement contained therein, which in part induced its execution, is material to the contract, and was materially untrue. Both propositions asserted are questions of fact, though the first is also a question of law."

See, also, Metropolitan Life Ins. Co. v. Schmidt, 93 S. W. 1055, 29 Ky. Law. Rep. 255; Illinois Life Ins. Co. v. De Lang, 124 Ky. 569, 99 S. W. 616, 30 Ky. Law Rep. 753; Commonwealth Life Insurance Co. v. Goodknight, 212 Ky. 763, 280 S. W. 123.

The failure of the court to give an instruction on the defendant's counterclaim, if he did fail to do so, in no wise prejudiced the defendant. For the finding of the

jury was for the plaintiff, and there could be no finding for the plaintiff on the issues made if the defendant was entitled to recover on its counterclaim.

Judgment affirmed.