## Schuster and Chambers v. Commonwealth.

(Decided December 17, 1929.)

ROY G. GARRISON and JACK E. FISHER for appellants.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellants, Louis Schuster and Clyde Chambers, have been convicted of the crime of robbery, and their punishment fixed at two years in the penitentiary. Their counsel claim the right to a reversal on the ground of misconduct of one of the jurors in failing to take his seat with the other members of the panel and sitting among the spectators, and also because this juror had expressed the opinion of defendants' guilt before being

accepted as a member of the panel. They also contend that the verdict is contrary to the law and flagrantly against the evidence.

Concerning the first-mentioned ground, it may be said that there is no bill of exceptions in this record except the transcript of the evidence, and that does not disclose the conditions about which appellants complain. The ground does appear in the motion for a new trial, and there comes to us a transcript of evidence heard by the trial judge respecting that matter. This point cannot be considered for the reasons stated in Voils v. Commonwealth, 229 Ky. 305, 17 S. W. (2d) 238.

The only witness introduced by the commonwealth was L. Waltman, who testified that he was the driver of a street bus in the city of Paducah, and that about 11 o'clock on the night of March 7, 1929, two men boarded his bus as though to take passage. They drew their pistols and forced him to surrender his money and to lie flat on the floor while they escaped. The witness positively identified the appellants as the men who robbed him. He testified that he recognized the voice of one of them, the faces of both, and identified the clothing produced as that worn by the culprits.

The appellants deny that they had anything to do with the robbery, and testified that at the time of its commission they were in the Palmer Hotel talking to two other men. These two men corroborated them. Two or three other witnesses say that they had seen the defendants and the two men mentioned by them in or around the Palmer Hotel on some night about this time, but are unable to fix it definitely as being the night of the robbery. They also show by several witnesses that one of the defendants since infancy had been unable to speak clearly and without stuttering, while the prosecuting witness had stated that neither of the men who robbed him disclosed any such impediment in his speech.

It must be admitted that the preponderance of the evidence is in favor of appellants. But it was the province of the jury as to whether or not they would accept the testimony of these witnesses or that of the victim of the robbery. This rule is so well established as to justify no citation of authority.

The judgment is affirmed.