# Colley v. Commonwealth.

(Decided January 28, 1930.)

W. MIKE OLIVER, JACK E. FISHER, C. A. WICKLIFFE and M. C. ANDERSON for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Zay Colley was indicted for the murder of Harrison Muenster. He was convicted and condemned to serve nine years in the penitentiary, but was granted a new trial. He was again convicted and sentenced to serve two years in the penitentiary. He appeals, relying for reversal upon several rulings of the trial court.

The first complaint is that certain evidence was admitted over his objection. The widow of Muenster testified that she met Colley immediately after the shooting, and he stated that he had killed her husband. She was then asked several questions as to whether Colley made certain statements concerning the details of the difficulty, all of which were answered in the negative. The questions were evidently framed in anticipation of a defense expected to be made, and could very well have awaited the development of that defense. But we are unable to see that the defendant was prejudiced by direct and positive proof that he did not make any explanatory statements.

It is also contended that it was improper to permit evidence to be introduced showing that the deceased and defendant had been engaged in the illicit manufacture of whisky. It appears that both parties referred to that fact in statements to the jury, and both sides proved it. It was a material circumstance, as it showed the relationship of the participants. Complaint is made that in the midst of the trial an itinerant preacher was granted permission to make a public announcement to the effect that he would hold services in the courthouse that evening, and "would not be there to plead any murder cases, but would be there to point folks to the foot of the cross of Jesus." The portion of the statement which appellant deemed prejudical was that the preacher would not be there to plead any murder cases. We concur with the trial court that the remark worked no prejudice to the defendant. It did not tend to generate hostility to him. It was simply the minister's method of

saying he would not be there to practice law, or engage in the trial of criminal cases, but would be there for the purpose of expounding his religious doctrines. The circuit court necessarily must be diligent to prevent extraneous matters entering into the consideration of cases by the jury, but we can find in this simple announcement no foundation for a belief that the verdict of the jury could have been influenced by it.

It is also argued that the court erred in permitting the commonwealth's attorney to cross-examine appellant respecting his business relations with the deceased immediately before the killing, and then to permit his testimony to be contradicted by a witness offered in rebuttal. The appellant was asked respecting his connection with the deceased in regard to illicit liquor dealing. He stated that they were engaged in the business, and that he had furnished the money to set up the deceased in the business at the request of Mrs. Muenster. Mrs. Muenster was permitted to deny the part of the answer affecting her. Numerous cases are cited to sustain the principle that a witness may not be cross-examined respecting collateral and immaterial facts for the purpose of contradicting him (Cornelius v. Com., 15 B. Mon. 539; Kennedy v. Com., 14 Bush, 340), but it has no application to the facts appearing in this case. The cross-examination respecting the relationship of the parties was pertinent, and, when the witness by his answer involved the witness for the commonwealth in an offensive light, it was proper to permit her to deny it.

Two other matters are complained of by the appellant. One respects the instructions, and the other concerns an argument by the commonwealth's attorney. Unfortunately these matters are not presented by any bill of exceptions. The instructions are copied in the record, but they are not identified by any order of court, or properly authenticated. The clerk has copied in the record some short papers entitled "Bill of Exceptions No. 1," "Bill of Exceptions No. 2," and "Bill of Exceptions No. 3." The order of court filing the transcript of evidence describes it as bill of exceptions No. 1. Number 2, as it appears in the record, although not authenticated otherwise, relates to a remark of the commonwealth's attorney. These documents are not sufficient in form or substance to constitute a bill of exceptions. It is well settled that we are not at liberty to consider instructions

or arguments addressed to the jury, unless they are properly incorporated in a bill of exceptions. Indeed, section 341 of the Criminal Code of Practice provides that a judgment shall not be reversed for an error of the court in instructing, or refusing to instruct, the jury, unless the bill of exceptions contain all the instructions given by the court to the jury, and unless it shall thereupon appear that the law applicable to the case was not correctly and fairly given to the jury. Section 282 of the Criminal Code of Practice, provides that the exception shall be shown upon the record by a bill of exceptions prepared, settled, and signed as provided by the Civil Code in civil cases. The provisions of the Civil Code to be pursued in the preparation of a bill of exceptions are section 333 to section 340, inclusive. The party objecting must except when the decision is made and then may be given time to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court. Section 334. An order in this record shows that time was given defendant to prepare and file his bill of exceptions. No particular form of exceptions or bill of exceptions is required, but it must state the material facts, and must be sufficient in form and substance to enable the court to understand the ruling sought to be reviewed. We have here a proper authentication of the evidence in the stenographer's transcript, but we have no bill of exceptions showing what occurred at the trial, the ruling requested thereon by the appellant, or the action of the court. In such situation we cannot consider the arguments or the instructions. Nuckolls v. Ill. Cent. R. Co., 227 Ky. 836, 14 S. W. (2d) 157; Rivers v. Com., 212 Ky. 329, 279 S. W. 328; McCollum v. Com., 204 Ky. 183, 263 S. W. 673; Maynard v. Com., 210 Ky. 362, 275 S. W. 871. The transcript of evidence may not be treated as a bill of exceptions in this case because it does not contain the essential requisites required by the Code. It is limited solely to the testimony of the witnesses, and purports to be nothing but a transcript of the testimony. Gee v. Commonwealth, 178 Ky. 666, 199 S. W. 1051.

A careful consideration of this case convinces us that no error prejudicial to the substantial rights of appellant is manifested by the record.

The judgment is affirmed.