## Clark v. Commonwealth.

(Decided January 23, 1931.)

C. F. SEE, JR., and A. O. CARTER for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Wesley Clark was convicted of unlawfully detaining a woman against her will with intent to have carnal knowledge of her, under section 1158, Kentucky Statutes,

and his punishment fixed at confinement in the state penitentiary for a period of two years. On this appeal it is urged that he was entitled to a peremptory instruction to find him not guilty.

On direct examination the prosecuting witness, Lillian Matney, testified as follows:

"Q. Well, go ahead and tell the jury what he did to you. A. Well, we got together over there close to the colored church and walked up the street together and he grabbed hold of me and threw me down and broke my glasses and tore my underclothes and said he wanted to have sexual intercourse with me.

"Q. That happened in Louisa, Lawrence County, Kentucky, and before the 9th day of October, 1928? A. Yes, sir.

"Q. Please state whether or not these acts were done with your consent? A. No, sir.

And on cross-examination:

"Q. I will ask you to state if Pocahontas street is lighted up with electric lights from the place you met him on past where you turned off to go home and if anyone cannot be seen on that street after night from over in Louisa all the way along the street? A. Yes, sir, but he did not detain me against my will on that street; we turned up an alley and went about twenty feet when he grabbed me.

"Q. Now, this alley you speak of I will ask you if that isn't right close to Henry Marcum's house? A. Yes, the street goes up just back of Henry Marcum's house.

"Q. I will ask you if just at the other end of Henry Marcum's house if there isn't an electric light that throws light up this alley? A. Yes, there is an electric light there but I do not know whether it throws the light where we were or not.

"Q. Did you do anything when he grabbed hold of you? A. Yes, I screamed and hollered for help."

Her testimony was corroborated in part by her father, Alf Matney, who testified that her glasses were

broken and that her underclothes were torn when he examined them.

Appellant denied that he detained, or attempted to detain, the prosecuting witness; and his sister and one other witness testified that on the evening when the unlawful detention is alleged to have occurred they were with appellant and Lillian Matney on Pocahontas street, and that Lillian Matney left them at the mouth of an alley, and they, accompanied by appellant, went to the home of appellant's mother.

The testimony of the prosecuting witness was sufficient to authorize a submission of the case to the jury. The credibility of the witnesses is for the jury, and it is their peculiar province to weigh all the evidence and to take in consideration, not only all that was said by the witnesses, but their demeanor on the stand, their interest in the result of the trial, and all the attending circumstances. The members of the jury have the undoubted right to believe one set of witnesses and disregard the evidence of others, and, though they accept evidence of one witness for the commonwealth as against several for the accused, this fact alone will not authorize a peremptory instruction in favor of the defendant or render the verdict flagrantly against the evidence. Epperson v. Commonwealth, 227 Ky. 404, 13 S. W. (2d) 247; Morgan v. Commonwealth, 222 Ky. 742, 2 S. W. (2d) 370; Price v. Commonwealth, 221 Ky. 162, 298 S. W. 383; Mattingly v. Commonwealth, 199 Ky. 724, 251 S. W. 953.

A reversal is also asked because of certain remarks alleged to have been made by the commonwealth's attorney in his argument to the jury. The alleged improper argument does not appear in the bill of exceptions, and we have uniformly held that, unless it is embodied in the bill of exceptions, it will not be considere d on appeal. Colley v. Commonwealth, 232 Ky. 590, 24 S. W. (2d) 280; Maggard v. Commonwealth, 232 Ky. 10, 22 S. W. (2d) 298; Hamilton v. Commonwealth, 230 Ky. 207, 18 S. W. (2d) 995; Meade v. Commonwealth, 229 Ky. 207, 16 S. W. (2d) 1016.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.