**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Troy MULLINS and Marion Martin, Appellees.**

Court of Appeals of Kentucky.

July 1, 1966.

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Frankfort, Cordell H. Martin, Special Commonwealth Atty., Hindman, for appellant.

John Y. Brown, Brown, Sledd & McCann, Lexington, for appellees.

WILLIAMS, Judge.

The appellants Troy Mullins and Marion Martin were tried in the Floyd Circuit Court for murder on November 22, 1962. The jury was unable to reach a decision. A second trial was had on April 24, 1963, which resulted in a verdict of guilty, with punishment set at two years and one day in the State Penitentiary. That judgment was appealed to this Court, 375 S.W.2d 832, found to be erroneous, reversed, and the case was remanded to the Floyd Circuit Court for a new trial. A special judge was designated to try the case in April 1964, but he became ill and the trial was not had. Honorable Coleman Wright was then appointed special judge and on September 16, 1964, the trial under consideration here began. At the conclusion of the introduction of all the evidence the attorney for appellees moved the court for a directed verdict. The motion was sustained and, pursuant to the court's instructions, the jury returned a verdict of not guilty.

In its appeal from the judgment entered on the verdict of not guilty the Commonwealth asks this Court to re-examine the rationale of the principle that an accused person may not be twice put in jeopardy for the same offense. The argument is that jeopardy should not attach until the accused has had a *fair trial*. The theory advanced is that jeopardy is single and continuing until such time as a fair trial has been accomplished. It is said that the trial judge has wielded the most awesome power of which he is capable—the power to absolve an accused of guilt, and that absolute power can no more be tolerated when invoked against society in favor of a criminal defendant than when invoked in favor of society and against a criminal defendant.

Section 13 of the Kentucky Constitution provides:

"No person shall, for the same offense, be twice put in jeopardy of his life or limb, * * *."

Long ago this Court decided that an accused person has been put in jeopardy after a jury has returned a verdict of not guilty, regardless of the fact the verdict was the result of an erroneous peremptory instruction given by the trial court. In Commonwealth v. Ball, 104 S.W. 325 (1907), the trial court, on motion of the defendant, instructed the jury to find the defendant not guilty, which was done. This Court found that the ground upon which the instruction was based, that the court lacked jurisdiction, was not well founded, and that the court erred in giving the peremptory instruction. It was further held that an actual acquittal, though upon an improper ground raised by the defense, is a former jeopardy and a bar to further prosecution. This Court said:

"* * * The Constitution guarantees the defendant counsel in the management of his case. The right to the assistance of counsel would be a vain thing if the counsel might not raise such questions as they deemed proper. The guaranty that a person shall not be put twice in jeopardy would amount to but little if he could be tried a second time wherever his acquittal was due to an error of the court committed upon his motion. It is immaterial that the circuit judge gave the peremptory instruction on the ground that the court was without jurisdiction. We cannot go into the reasons which actuated him. The fact is that under the instruc-

tions of the court the jury have regularly found the defendants not guilty, and they cannot be further prosecuted."

In Commonwealth v. Little, 140 Ky. 550, 131 S.W. 387 (1910), this Court concluded that the trial court erroneously directed an acquittal by virtue of which the accused was discharged. Nevertheless, the verdict operated to free him from the accusation and to prevent a subsequent prosecution for the offense.

It is interesting to note that the common law not only prohibited a second punishment for the same offense but went further and prohibited a second trial for the same offense, whether the accused had been acquitted or convicted on the former trial. See Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119 (1957). In that case Mr. Justice Black, speaking for a majority of the Court, said:

"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

"In accordance with this philosophy it has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offence.' United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 [303]. Thus it is one of the elemental principles of our criminal law that the Government cannot secure a new trial by means of an appeal even though an acquittal may appear to be erroneous." (Citing cases.)

. We are of the opinion that justice demands a retention of our decision that an accused person has been placed in jeopardy after a jury has returned a verdict of not guilty. As has been said before, this might result on some rare occasion in a guilty person not receiving the punishment which he is due. However, it clearly avoids the evils attendant to the subjection of that person to more than one trial after he has once been acquitted.

The judgment is affirmed.

HILL, J., not sitting.